IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA

WESTERN DISTRICT

C.A. 05-92 ERIE

JAMES HARRY HODSON, III,
Petitioner

vs.

MARILYN BROOKS,
Respondent

RESPONDENT'S BRIEF

Paula C. DiGiacomo, Esq.
Crawford County First Assistant District Attorney
Attorney for Respondent
Crawford County Court House
Meadville, Pennsylvania 16335
Telephone: (814) 333-7455
Attorney No.: 69743



Table of Contents

*TABLE OF AUTHORITIES*……………………………………………………..…*2*

*STATEMENT OF THE CASE*……………………………………………………...*4*

*ARGUMENT*………………………………………………………………………..*7*

       I.       The Petition should be summarily dismissed or denied because said Petition was filed beyond the Federal Habeas Corpus limitations period found in 28 U.S.C. § 2244(d). ………………*7*

       II.      The Petition should be summarily dismissed or denied because Petitioner has failed to exhaust his state court remedies. …….*8*

       *III.*      Petitioner's Fifth Amendment Rights were not violated when police questioned him but failed to inform him of the technicalities of the charges against him. ………………….....*11*

*CONCLUSION*……………………………………………………………….....*13*

# TABLE OF AUTHORITIES

Cases

*Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997)..........................................................10

*Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995)........................................................9,10

*Castille v. Peoples*, 489 U.S. 346, 351 (1989)...................................................................8

*Chassid v. Fulcomer*, 816 F,2d 925, 928 (3d Cir), cert. Denied, 484 U.S. 845 (1987)...............9

*Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997).............................................................9

*Coleman v. Thompson*, 501 U.S. 722, 732 (1991)........................................................10,11

*Commonwealth v. Dixon*, 475 Pa. 17, 379 A.2d 553 (1977)...............................................12

*Commonwealth v. Jacobs*, 445 Pa. 364, 284 A.2d 717 (1971)............................................12

*Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974)..........................................12

*Doctor V. Walters*, 96 F.3d 375, 678 (3d Cir. 1996).........................................................8,9

*Duncan v. Henry*, 513 U.S. 364 (1995) (per curium).........................................................9

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)..................................................................10

*Glass v. Vaughn*, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996)...............10

*Gibson v. Scheidemantel*, 805 F2d 135, 138 (3d Cir 1986)................................................10

*Gray v. Netherland*, 518 U.S. 152 (1996)......................................................................10

*Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988)......................................................10

*O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).......................................................9

*O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1730 (1999).....................................9

Picard v. Conner, 404 U.S. 270, 275 (1971).....................................................................8

*Presier v. Rodriguez*, 411 U.S. 475, 491 (1973)...............................................................8

*Rose v. Lundy*, 455 U.S. 509, 518 (1982)........................................................................8


*Ross v. Petsock*, 868 F.2d 639, 643 (3d Cir 1989)..................................................................9

*Sistrunk v. Vaughn*, 96 F.3d 666, 678 (3d Cir. 1996).................................................................10

*Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994)......................................................................8, 9

*Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986)..................................................................9

Statutes

18 Pa. C.S.A. § 2701(a)(1)..........................................................................................................4

18 Pa. C.S.A. §3121(1)...............................................................................................................4

18 Pa. C.S.A. § 3123(1)..............................................................................................................4

18 Pa. C.S.A. § 3123(2)..............................................................................................................4

18 Pa. C.S.A. § 3124.1................................................................................................................4

28 U.S.C. § 2244(d).....................................................................................................................7

28 U.S.C. § 2254(b)..................................................................................................................8,9

**Procedural History**

On August 4, 1999, the Petitioner was charged by the Meadville City Police Department with 1 Count each of Rape, 18 Pa. C.S.A. §3121(1); Sexual Assault, 18 Pa. C.S.A. § 3124.1; Simple Assault, 18 Pa. C.S.A. § 2701(a)(1); and two counts of Involuntary Deviate Sexual Intercourse, 18 Pa. C.S.A. § 3123(1) and 18 Pa. C.S.A. § 3123(2).

On May 15, 2000, the criminal information was amended to change the "To Wit" section of Count V, Involuntary Deviate Sexual Intercourse, by replacing the word fellatio with the word cunnilingus. It now read, "The defendant did, on or about June 18 to June 20, 1999, by threat of forcible compulsion, forced Lynne A. DeVore to perform cunnilingus on him at her residence at 366 ½ North Street in the city of Meadville, Crawford County, Pennsylvania."

The Petitioner was found guilty on May 17, 2000, after a jury trial, of Simple Assault and one count of Involuntary Deviate Sexual Intercourse. Petitioner was sentenced on July 26, 2000, to a minimum term of forty-eight (48) months and a maximum term of eight (8) years for the conviction of Count V – Involuntary Deviate Sexual Intercourse, and to pay a fine of $100 for Count III – Simple Assault. Petitioner was given credit for ninety-five (95) days of presentence incarceration.

The Petitioner filed a motion for a new trial on August 7, 2000. A hearing was held on Petitioner's motion and on September 27, 2000, said motion was denied. The Petitioner was ordered to appear at the Crawford County Correctional Facility within five (5) days.

The Petitioner filed a Motion for Post Conviction Collateral Relief and the court ordered on November 2, 2000, that the Petitioner may proceed *informa pauperis*, that Petitioner was entitled to new Counsel, Mark Stevens was appointed, and was given sixty (60) days to file an

amended petition. Mark Stevens withdrew as counsel for the Petitioner on November 27, 2000, due to a conflict of interest. At that time, Edward Hathaway was appointed as counsel for Petitioner. An amended petition was filed on December 28, 2000. The basis for seeking relief was that trial counsel rendered ineffective assistance by:

1. failing to file a Motion to Suppress his statement made to police;
2. failing to object to the Commonwealth's request made after the jury was empanelled to amend the "to wit" section of Count V – Involuntary Deviate Sexual Intercourse;
3. failing to request a mistrial when the prosecutor made reference in his opening statement that defense counsel was a public defender;
4. failing to present evidence concerning the alleged victim's mental state prior to the alleged incident in question;
5. failing to introduce evidence during the course of the jury trial that the alleged victim was taking several types of strong medication prior to and during the alleged incident in question;
6. failing to introduce evidence that some or all of the prosecution witnesses were biased against the petitioner in some manner; and
7. failing to file an appeal with the Pennsylvania Superior Court.

On April 9, 2001, the amended petition for post conviction collateral relief was granted insofar as the petitioner's right to take a direct appeal was concerned.

On April 10, 2001, the Petitioner filed a Notice of Appeal to the Superior Court. On appeal to the Superior Court, Petitioner raised the following issues:

1. Whether the trial court erred in allowing the prosecution to amend the "to wit" section of Count V – Involuntary Deviate Sexual Intercourse, after the jury had been selected;
2. Whether Petitioner's trial counsel rendered ineffective assistance of counsel by failing to file a motion to suppress his statement to police;
3. Whether Petitioner's trial counsel rendered ineffective assistance of counsel by failing to request for a mistrial when the prosecutor referred to trial counsel as "Mr. Public Defender" in his opening statement;
4. Whether Petitioner's trial counsel rendered ineffective assistance of counsel by failing to impeach the victim's credibility due to her deteriorated mental condition and due to her alcohol and drug induced intoxication condition at the time of the incident.

5

On December 18, 2001, the Superior Court affirmed the judgment of the Court of Common Pleas of Crawford County. The Superior Court found, with regard to Petitioner's first issue, that, "As the amendment did not add any new elements to the original charges, the trial court did not err by amending the criminal information." They also found that Petitioner's claims of ineffective assistance of counsel were meritless.

The Petitioner filed a Petition for Allowance of Appeal to the Supreme Court on January 14, 2002. The Petition was denied on May 31, 2002.

The Petitioner filed a second Motion for Post Conviction Collateral Relief on September 27, 2002. Petitioner was appointed new counsel and given an additional sixty (60) days to file an amended petition. That deadline was extended and an Amended Motion for Post Conviction Collateral Relief was filed on January 17, 2003. A hearing was held on Petitioner's motion for Post Conviction Collateral Relief and a Memorandum and Order was issued on October 1, 2003 denying Petitioner's petition.

The Petitioner filed a Notice of Appeal to the Superior Court on October 31, 2003. The Superior Court affirmed the judgment of the Court of Common Pleas of Crawford County's decision denying the Petitioner's Motion for Post Conviction Collateral Relief on September 8, 2004

On July 18, 2005 Petitioner filed his Petition for Writ of Habeas Corpus with the Clerk of Courts of the United States District Court for the Western District of Pennsylvania.

# ARGUMENT

**I.    The Petition should be summarily dismissed or denied because said Petition was filed beyond the Federal Habeas Corpus limitations period found in 28 U.S.C. § 2244(d).**

Ordinarily, a federal court first must determine whether a petitioner has exhausted his claims through appeal to the requisite state courts and whether any claims are barred from federal review under the procedural default doctrine. However, in 1996, Congress amended the federal habeas corpus law to include a one-year limitations period for filing a federal habeas corpus petition. Respondent claims that Petitioner's claims are time barred under this one-year limitation period.

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (1996) ("AEDPA"), which was signed into law on April 24, 1996, imposes a new one-year limitations period applicable to state prisoners. It reads as follows:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In this case, on May 31, 2002, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal. This Petition was filed with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania on July, 18, 2005, well after the one year statute of limitations had lapsed, and is therefore time-barred.

## II. The Petition should be summarily dismissed or denied because Petitioner has failed to exhaust his state court remedies.

Before a federal court can address the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal, collateral review, state habeas corpus proceedings, mandamus proceedings, or other available procedures for judicial review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); Picard v. Conner, 404 U.S. 270, 275; Doctor V. Walters, 96 F.3d 375, 678 (3d Cir. 1996). A state prisoner is required to exhaust all available state court remedies before seeking federal relief. 28 U.S.C. § 2254(b). This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Presier v. Rodriguez*, 411 U.S. 475, 491 (1973). Generally, in order to satisfy the exhaustion requirement, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court." *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir. 1986). The

petitioner has the burden of establishing that exhaustion has been met. *Ross v. Petsock*, 868 F.2d 639, 643 (3d Cir 1989); *O'Halloran v. Ryan*, 835 F.2d 506, 508 (3d Cir. 1987).

This Court's initial inquiry regarding the exhaustion requirement is whether a petitioner has "fairly presented" his federal claims to the state courts. To meet this criterion, the same factual and legal basis for a claim must be presented to the state court to allow the state a reasonable opportunity to address the claim and correct any federal rights violation. *Duncan v. Henry*, 513 U.S. 364 (1995) (per curium). "Fair presentation requires that, before a particular claim may be asserted in federal court, the same method of analysis must have been made available to the state court." *Chassid v. Fulcomer*, 816 F,2d 925, 928 (3d Cir), cert. Denied, 484 U.S. 845 (1987). The exhaustion requirement further requires that a petitioner must properly present his claims to the requisite state courts. A petitioner must present every claim raised in his federal petition to the state's trial court, intermediate appellate court, and highest court before exhaustion will be considered satisfied. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1730 (1999).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state prisoner's claims prior to exhaustion when no appropriate state remedy exists. *Christy v. Horn*, 115 F.3d 201, 206 (3d Cir. 1997); *Doctor*, 96 F.3d at 681; *Carter v. Vaughn*, 62 F.3d 591, 594 (3d Cir. 1995). A petitioner shall not be deemed to have exhausted his state remedies if he has the right to raise claims by any available state procedure. 28 U.S.C. § 2254. Federal courts may entertain the merits of a petition for habeas corpus where state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy." *Story,* 26 F.3d at 405. If the "petitioner has no opportunity to obtain redress in state court or where the state corrective process is so

defective as to render any effort to obtain relief futile," exhaustion is not required. *Gibson v. Scheidemantel*, 805 F2d 135, 138 (3d Cir 1986) citing *Duckworth v. Serrano*, 454 U.S. 1, 3.

In this case, Petitioner has failed to exhaust his state remedies. Petitioner has failed to fairly present his federal claim to the state courts.

**Procedural default doctrine**

In addition, a federal court may be precluded from reviewing claims under the procedural default doctrine. *Gray v. Netherland*, 518 U.S. 152 (1996); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Like the exhaustion requirement, the procedural default doctrine was developed to promote our dual judicial system. It is based upon the "independent and adequate state ground" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of the federal question and "adequate" to support the judgment. *Coleman*, 501 U.S. at 750.

A state's procedural rules are entitled to deference by federal courts and a petitioner's violation of a state procedural rule may constitute an independent and adequate state ground for denial of federal review of habeas corpus. *Sistrunk v. Vaughn*, 96 F.3d at 673. In order to prevent federal habeas corpus review under the procedural default doctrine, a state procedural rule must be "consistently or regularly applied." *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) quoting *Johnson v. Mississippi*, 486 U.S. 578, 588-89 (1988). Additionally, violations of a state's procedural rules may constitute an independent and adequate state ground sufficient to invoke the procedural default doctrine even where no state court has concluded that a petitioner is procedurally barred from raising his claims. *Glass v. Vaughn*, 65 F.3d 13, 15 (3d Cir. 1995), cert. denied, 116 S.Ct. 1027 (1996); *Carter v. Vaughn*, 62 F.3d at 595. Federal habeas review is not available to a petitioner whose constitutional claims have not been addressed on the merits

due to procedural default unless a petitioner can show: 1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law; or 2) failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750.

It is impossible to determine whether this Petitioner has procedurally defaulted his claims since he has failed to exhaust his state remedies.

### III. Petitioner's Fifth Amendment Rights were not violated when police questioned him but failed to inform him of the technicalities of the charges against him.

The Fifth Amendment to the US constitution guarantees every citizen certain rights. The Fifth Amendment imposes restrictions on the government's prosecution of persons accused of crimes. It prohibits compelled self-incrimination and double jeopardy and mandates due process of law. Specifically it states, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." *USCS Const. Amend. 5*.

Petitioner claims his Fifth Amendment rights were violated due to the fact that police never Mirandized him. Petitioner claims he did not receive his Miranda Warnings before, during, or after he gave his incriminating statement to Officer Trenga. This claim is completely unsupported by the record and was never brought before any court previously.

Officer Trenga never testified before the jury that Petitioner was advised of his Miranda Rights, but he is on record saying they were given. During a sidebar in the Judges chambers, the court asked, "Well he, he was, was he given his Miranda Rights out the outset?" Officer Trenga responded by saying, "Yes, before I even started the tape." *Trial Transcript* p.199-200. During

11

this conversation, besides the Judge and Officer Trenga, both the Commonwealth attorney and defense counsel were present. It is clear from the record that Petitioner was advised of his Miranda Rights before he gave his incriminating statement.

Petitioner also claims the his rights were violated due to Officer Trenga never advising him of the reason he was at the police station or as to what he was being accused of. There is no requirement that a suspect be advised as to the exact nature of the transaction giving rise to the investigation, only that they have an awareness of the general nature of the transaction. *Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974). "It is clear from *Richman* that the suspect need not have knowledge of the technicalities of the criminal offense involved; rather, it is necessary only that he be aware of the transaction involved." *Commonwealth v. Dixon*, 475 Pa. 17, 379 A.2d 553 (1977). Also, "there is no prophylactic requirement that the interrogating officers affirmatively provide information to the suspect as to the crime under investigation." *Id.* citing *Commonwealth v. Jacobs*, 445 Pa. 364, 284 A.2d 717 (1971).

Petitioner was aware of the general nature of the transaction that occurred giving rise to Officer Trenga questioning him. Officer Trenga testified that the Petitioner was questioned about the night of the alleged rape, and was asked about specific questions regarding the time frame around this incident. Then, towards the end of the interview, the Petitioner asks Officer Trenga to turn of the recorder because he was not going to answer anymore of his sex questions. The testimony at trial shows that Petitioner was well aware of the nature of the questioning during the time when he made his incriminating statements.

**CONCLUSION**

For the above state reasons, Respondent respectfully requests that the Petition for Writ of Habeas Corpus be denied and that a certificate of apealability be denied.

Respectfully submitted,

*Paula DiGiacomo*
PAULA C. DIGIACOMO, ESQ.
First Assistant District Attorney

13