IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

James H. Hodson, III
#EL 3079
301 Morea Road
Frackville, PA 17932

FILED
'06 MAY -8 P1:47
CLERK
U.S. DISTRICT COURT

May 4, 2006

Clerk of Court
United States District Court
Western District of Pennsylvania
P.O. Box 1820
Erie, PA 16507

RE: Case Number: C.A. No. 05-92 Erie

Dear Clerk of Court,

It has recently come to my attention that a typing error was made in my Reply Brief in the above mentioned case.

Page thirteen (13) of the Reply Brief, within argument [E.], the word "involuntary" was misspelled as "involuntarily".

Under the Table of Contents of the Reply Brief, page i, correctly states how this argument should be read.

Please find that I am sending a revised version of page 13 of the Reply Brief, with the correct spelling, to this Honorable Court and to the District Attorney of Crawford County.

Respectfully Submitted,

*James H. Hodson III*

James H. Hodson, III
Pro Se

Enclosure
Cc: File, District Attorney of Crawford County

-13-

did not believe he was able to leave freely on his own accord.

It would have been more convenient for Hodson to drive himself to speak with the officer at the station, however, the officers persuaded him to ride with them, due to his intoxicated state of mind.

Hodson would have preferred to drive himself, but he made it known to the officers that he was intoxicated and could not drive.

The second requirement of Miranda requires that the suspect must have been subjected to "interrogation." The court has held that interrogation includes "any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response." Rhode Island v. Innis, 466 U.S. 291, 100 S.Ct. 1682.

In this case, Trenga does use words to elicit an incriminating response from Hodson. (See Petitioner's Transcribed Tape Interview, generally)

> E. Petitioner's incriminating statement, while in a custodial setting was illegally obtained, involuntary and improperly admitted into evidence.

Any person subject to custodial interrogation is constitutionally entitled to receive Miranda Rights, and a failure to receive these rights makes any subsequent statement, per se, inadmissible. Dikerson v. United States, 530 U.S. 428, 120 S.Ct. 2326.

"Custodial Interrogation" is defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711.

301 Morea Road
Frackville, PA 17932

Clerk of Court
United States District Court
Western District of Pennsylvania
P.O. Box 1820
Erie, PA 16507

**RECEIVED**

MAY 0 8 2006

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA