**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES HARRY HODSON, III,** )<br>　　　　　　　**Petitioner,** )<br>　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>**MARILYN BROOKS, et al.,** 　　)<br>　　　　　　　**Respondents.** 　　)  | **C.A. No. 05-92 Erie**<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

## ORDER

　　　Respondent has filed a motion for reconsideration [Document # 31] asking this Court to reconsider its Order granting Petitioner an evidentiary hearing [Document # 29], which is scheduled to be held on October 11, 2006. Respondent bases its request on its contention that this case should be summarily dismissed due to Petitioner's alleged failure to file his petition for writ of habeas corpus within the applicable one year statute of limitations. In making this argument, Respondent asserts that this Court should disregard the time period during which Petitioner's second motion for Post Conviction Collateral Relief was pending before the state courts. There is no basis for this argument.

　　　28 U.S.C. § 2244(d)(1) generally provides that "[a] one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Pursuant to 28 U.S.C. § 2244(d)(2), however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any limitation under this subsection." There is nothing in the record that would indicate that Petitioner's second PCRA motion was filed improperly. Thus, the time periods during which both of Petitioner's first and second PCRA motions were pending before the state courts do not count toward the one year limitation period for filing Petitioner's habeas petition.

　　　In this case, Petitioner's first, timely-filed PCRA motion was finally adjudicated on May 31, 2002. Petitioner's second PCRA motion was not filed until September 27, 2002. The

interim time period of 119 days is counted against the one year statute of limitations.  The second PCRA motion was finally adjudicated by the state appeals courts on September 8, 2004, and Petitioner subsequently filed the instant habeas action on March 22, 2005.[1]  The interim time period between the final determination of the second PCRA motion and the filing of this case was 195 days.  Thus, the total time counted toward the one year statute of limitations is only 314 days (119 + 195), or a little more than ten months.  As a result, Petitioner's habeas petition was filed within the applicable limitation period.[2]

  AND NOW, this 25th day of September, 2006;

  IT IS HEREBY ORDERED that Respondent's motion for reconsideration [Document # 31] is DENIED, for the reasons herein set forth.

  IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

              S/Susan Paradise Baxter
              SUSAN PARADISE BAXTER
              Chief U.S. Magistrate Judge

---

[1] In its brief in response to the Petition [Document # 16], Respondent inaccurately states that the Petition in this case was filed on July 18, 2005, which may also account for Respondent's belief that this case was filed beyond the one year statute of limitations.

[2] Respondent also raises Petitioner's failure to exhaust his state court remedies as a reason for denying the evidentiary hearing and dismissing this case summarily; however, the primary purpose of the evidentiary hearing is to determine whether Petitioner can demonstrate sufficient cause and prejudice to override the exhaustion requirement.