IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES HARRY HODSON, III,** ) | |
|       Petitioner, ) | |
| ) | **C.A. No. 05-92 Erie** |
| vs. ) | **District Judge McLaughlin** |
| ) | **Magistrate Judge Baxter** |
| **MARILYN S. BROOKS, et al.,** ) | |
|       Respondents. ) | |

**MEMORANDUM ORDER**

On March 22, 2005, Petitioner James Harry Hodson, III, a state prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed the instant petition for writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2241. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On March 5, 2008, Chief Magistrate Judge Baxter issued a Report and Recommendation recommending that the petition be denied. [Document # 42]. Petitioner filed Objections to the Report and Recommendation on March 25, 2008, in which he alleges that: (I) the wrong standard for proving prejudice in an effective assistance of counsel claim was applied; and (ii) applying the correct standard to the facts of Petitioner's case necessarily leads to the conclusion that, "had [Petitioner's] statement [to the police] been suppressed, there is a reasonable probability that [Petitioner] would not have been convicted of the IDSI (cunnilingus) count." (Document # 45 at pp. 1-2). This Court has reviewed each of Petitioner's points in detail and will address each point in turn.

First, Petitioner cites Chief Magistrate Judge Baxter's statement that "the issue before this Court is ... whether the outcome of the trial would be different as a result of having [his police] statement suppressed." (Document # 42 at p. 31). Based on this statement, Petitioner

argues that the Chief Magistrate Judge erroneously required him to prove that he would have been acquitted of the IDSI (cunnilingus) count had his statement been suppressed. (Document # 45 at p. 2). The Court disagrees. While this Court acknowledges that the standard enunciated in the Chief Magistrate Judge's Report and Recommendation was somewhat inartfully stated, the totality of the Chief Magistrate Judge's analysis of the prejudice prong makes clear that the appropriate standard was, in fact, applied. In any case, this Court recognizes that, to demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for his trial counsel's failure to have Petitioner's police statement suppressed, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984).

In light of the foregoing standard, Petitioner argues that it is reasonably probable he would not have been convicted of the IDSI (cunnilingus) count if his police statement had been suppressed, because the Commonwealth would not have been able to use the statement in its case-in-chief. (Document # 45 at p. 7). Specifically, Petitioner argues that "[w]hat Chief Magistrate Judge Baxter failed to grasp was that if the statement had been suppressed, [Petitioner] would not have been forced to try to 'explain away' his incriminating statements to Officer Trenga, and [Petitioner] could have testified truthfully on direct examination and prevented the introduction of his statement to Officer Trenga by not giving any testimony on direct examination as to whether the oral sex he performed on the victim was or was not consensual." (Document # 45 at p. 8). However, in making this argument, Petitioner overlooks the fact that, even if the police statement had been suppressed, it would have been available to the Commonwealth to impeach Petitioner's credibility on cross-examination. See Harris v. New York, 401 U.S. 222 (1971); U.S. v. Pettigrew, 468 F.3d 626, 635 (10th Cir. 2006); U.S. v. Khan, 461 F.3d 477, 497 (4th Cir. 2006); Agnellino v. State of New Jersey, 493 F.2d 714 (3d Cir. 1974); U.S. v. Tolliver, 480 F.Supp.2d 1216, 1243 (D.Nev. 2007).

If, as Petitioner posits, he would have withheld testimony on direct examination as to whether the oral sex he performed on the victim was consensual or not, in the event the police statement had been suppressed, the Commonwealth would not have been precluded from simply

asking on cross examination whether the oral sex act was consensual.[1] If Petitioner then responded truthfully, as the Chief Magistrate Judge appropriately presumes in her Report and Recommendation, his testimony would likely have been consistent with his police statement and, thus, it is reasonably probable that the outcome of the trial would have been the same. If, on the other hand, Petitioner responded in a way that was inconsistent with his statement to the police, the statement could then have been used to impeach Petitioner's testimony. Under such circumstances, it is, again, reasonably probable that the outcome of the trial would have been the same. As a result, the Court agrees with the Chief Magistrate Judge's ultimate conclusion that trial counsel's ineffectiveness for failing to move to suppress Petitioner's statement to police is not sufficient to undermine confidence in the outcome of the trial

AND NOW, this 31st day of March, 2008;

Following a *de novo* review of the record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge

---

[1] A review of the trial transcript discloses that, in actuality, Petitioner testified on direct examination that the oral sex he performed on the victim was consensual, which would have left the door open to impeachment by his contrary statement to police, even if the statement had been suppressed. In particular, the Court notes the following exchange during Petitioner's direct examination:

> Q. Okay. So what evolved from there?
> A. I was being apologetic to her - -
> Q. Okay.
> A. - - and basically kissing her.
> Q. Okay.
> A. And was telling her that I was sorry and I know she was - - she was still upset with me. I know that because she was wasn't [sic] responding to my kisses and she just - - you know, I don't think she was very happy with me.
> Q. Okay. And then what happened?
> A. I guess my kisses turned very persistent - -
> Q. Um hum.
> A. - - and I had oral sex with her and basically persuaded her to have sex with me.
> Q. Did she?
> A. I did penetrate.
> Q. Did she - - was it consensual or nonconsensual?
> A. Um - - it was - - I - - I persuaded her and I do believe that she responded back so I would have to say it was consensual.

(SCR No. 4 at pp. 309-310).

Baxter recommending the denial of the petition for writ of habeas corpus be adopted as the opinion of this Court. A certificate of appealability is denied. The Clerk of Courts is directed to close this case.

                                                                                                                          _____
                                                                                                                          SEAN J. MCLAUGHLIN
                                                                                                                          UNITED STATES DISTRICT JUDGE

cc:      The Honorable Susan Paradise Baxter
           Chief United States Magistrate Judge