*AMENDED  June 12, 2008
CLD-212  May 22, 2008

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **08-2184**

JAMES HARRY HODSON, III,

vs.

ATTY GEN PA, et al.
(W.D. Pa. CIV. NO. 05-cv-00092)

Present:    AMBRO, FUENTES and JORDAN, Circuit Judges

Submitted are:

1) Appellant's notice of appeal which the court may wish to construe as a request for a certificate of appealability under 28 U.S.C. §2253(c)(1);

2) Appellee's response; and

**\*3)  Appellant's motion to file application for certificate of appealability out of time and motion for certificate of appealability**

in the above captioned case.

Respectfully,

Clerk

MMW/AF/isc
_____ O R D E R _____

Appellant's motion to file application for certificate of appealability out of time is granted.

The request for a certificate of appealability is denied. Appellant's statement to the police would have been admissible to impeach his trial testimony. See Commonwealth v. Baxter, 532 A.2d 1177, 1178 (Pa. Super. 1987). Further, even as evidence of impeachment, and not evidence of substantive guilt, the statement would

*AMENDED  June 12, 2008
CLD-212  May 22, 2008

JAMES HARRY HODSON, III,

    vs..

ATTY GEN PA, et al.
(W.D. Pa. CIV. NO. 05-cv-00092)

C.A. No. 08-2184
Page 2

have been extremely harmful to Appellant's case and there is a reasonable probability that the outcome of the trial would have remained the same. Strickland v. Washington, 466 U.S. 668, 694 (1984). Thus we believe jurists of reason would not debate that the District Court was correct in determining that Appellant's trial and appellate counsel were not ineffective. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

                        By the Court,

                        /s/ Julio M. Fuentes
                        Circuit Judge

Dated: July 9, 2008
ISC/cc: John Harry Hodson, III
       Thomas W. Patton, Esq.
       Paula DiGiacomo, Esq.